UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No.: 21-CR-10011-WGY |
| | ) |
| DOMENIQUE DEQUON HINES, | ) |
| | ) |
| Defendant. | ) |

**ASSENTED TO MOTION FOR PROTECTIVE ORDER**

Now comes the government in the above-named case and files this motion for entry of a protective order pursuant to 18 U.S.C. § 3509(d)(3), prohibiting the public disclosure and dissemination of the name of the minor child who may be identified in this case, as well as any other private information concerning said minor child, in the course of the proceedings in the above named case. Additionally, pursuant to 18 U.S.C. § 3509(d)(3)(B)(ii), in order to provide a measure that may be necessary to protect the privacy of any minor child who may be identified in this case, the government also requests that counsel for the defendant be prohibited from disseminating, duplicating or disclosing any and all oral and visual electronic evidence depicting the minor child, to anyone outside of the "defense team" as outlined herein without prior approval from the court.[1]

Title 18 United States Code Section 3509, the Child Victim Rights Act, provides the following with regard to protection of the confidentiality of child witnesses and victims:

> "On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."
> *See* 18 U.S.C. § 3509(d)(3)(A).

Title 18 United States Code Section 3509(d)(3)(B) further provides that:

---

[1] "Defense team" shall include counsel for the defendant, legal assistants, paralegals, investigators or individuals hired specifically to assist in the preparation or trial of the case.

"A protective order issued under subparagraph (A) may –

(i) Provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

(ii) Provide for any other measures that may be necessary to protect the privacy of the child."

On December 1, 2020, the defendant was charged by criminal complaint with one count of Sexual Exploitation of Children in violation of 18 U.S.C. §§ 2251(a) and (e). On January 12, 2021, a one-count indictment was returned charging the defendant with the same crime.[2] In the indictment, the alleged minor victim is referred to as "Minor A." At all relevant times, Minor A was 14 years old. Based on testimony elicited at the detention hearing and the appeal of the detention hearing, the evidence introduced established that the defendant engaged in sexually explicit on-line chats with Minor A and that, at defendant's request, Minor A took and sent sexually explicit photos/videos of Minor A and sent them to the defendant. In this case, a Sexual Assault Investigative Network ("SAIN") forensic recorded interview of Minor A was also conducted.

There is a significant possibility that identifying Minor A or the information disclosed by this child, would be detrimental to Minor A as would disseminating, disclosing or distributing any of that personal information including the SAIN interview. The disclosure of the identity of the minor child in this case could result in extreme mental or emotional distress and could seriously affect the reputation of this child. Based on the above, the government hereby moves for a protective order requiring that the child victim be referred to only as "Minor A," or "minor victim," or "victim," in all pleadings and in court during any hearings of this matter. Further, the government requests that any personal identifying information pertaining to "Minor A", including

---

[2] A trial date of November 9, 2021 has been scheduled in this case.

but not limited to, names, full date of birth, address, school information, email addresses/screen names, phone numbers, iMessage/Instagram information, on-line profiles, on-line account names, and information pertaining to same, be protected from public disclosure during the course of all proceedings in this matter.[3]

Much of the discovery materials in this case include investigative reports of victim and witness interviews, search warrants, forensic reports of examination of electronic devices, sexually explicit on-line communications between the defendant and "Minor A," sexually explicit photos and videos of Minor A, as well the SAIN forensic interview of the minor victim in this case. On March 23, 2021, the government provided some discovery materials to defense, including, but not limited to, investigative reports, forensic report of examination of "Minor A's" electronic device, and a redacted copy of iMessages/text communications between defendant and "Minor A." As outlined in its automatic discovery letter, subject to allowance of a protective order, additional discovery materials the government intends to make available for inspection pursuant to its obligations include, but is not limited to, a copy of the SAIN interview of "Minor A."[4] Collectively, the materials described herein, that relate to Minor A, are referred to herein as "Protected Discovery Materials." Based on the above, the government hereby moves for a protective order requiring that defendant be prohibited from copying, distributing or disseminating

---

[3] The government reserves the right to file a supplemental motion at a later date relative to whether "Minor A's" name should be referenced by that minor child's actual name at trial.
[4] As outlined in the automatic discovery letter to defense counsel, any material depicting sexually explicit conduct involving minors or which is otherwise obscene must remain in the care, custody and control of the government, pursuant to 18 U.S.C. § 3509(m) of the Adam Walsh Act, as those materials constitute contraband. Further, the government cannot provide copies of defendant's electronic devices seized which contain materials depicting sexually explicit conduct involving minor but the government will provide forensic reports and/or make mirror-image copies of any such items available for the defense counsel's review at the U.S. Attorney's Office or at FBI.

any Protected Discovery Materials relating to "Minor A."

The measures the Government seeks pass constitutional muster. In United States v. Broussard, 767 F.Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case. The court specifically rejected the defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial. Id. Moreover, in United States v. Anderson, 139 F.3d 291, 301-302 (1st Cir. 1998), cert. den. sub. nom. Coutermarsh v. United States, 525 U.S. 866 (1998) the First Circuit upheld a district court's order prohibiting the disclosure of the last names of two juvenile witnesses at trial. The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Relying on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." Anderson, 139 F.3d at 302. This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor". Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 604-605 (1982); Broussard, 767 F. Supp. at 1546. The nature of the disclosure by Minor A, as well as Minor A's age, warrant protection of that minor child's identity. Further, unlike the facts in Globe Newspaper Co., the name of "Minor A" has been kept confidential in all pleadings filed to date this case.

The Government further requests this Court issue a protective order that any materials or information pertaining to "Minor A," including any personal information, on-line information pertaining to "Minor A," sexually explicit communications, as well as oral or visual electronic recordings of that child, that may be provided to defense counsel, be subject to the following conditions:

1. The minor victim referenced in the indictment shall be referred to only as "Minor A," "minor victim," or "victim," in all pleadings and in court during any pretrial hearings.[5]

2. Counsel for the defendant is prohibited from disseminating, duplicating, disclosing or providing the Protected Discovery Materials to anyone outside of the "defense team" as outlined herein, and retained experts, without prior approval from the Court.

3. Counsel for the defendant may review the Protected Discovery Materials with the defendant, but may not provide a copy of any Protected Discovery Materials to the defendant to keep and maintain in his possession.  Further, defendant is prohibited from copying, distributing, disseminating or disclosing any materials relating to "Minor A" or any personal identifying information pertaining to "Minor A" (as outlined in the following paragraph).

4. Counsel for the defendant is precluded from copying, distributing, disseminating or disclosing, any personal identifying information pertaining to "Minor A," including but not limited to, names, full date of birth, address, school information, email addresses/screen names, phone numbers, iMessage/Instagram information, on-line profiles, on-line account names, and information pertaining to same, to anyone other than the "defense team" as outlined above, and that said information be protected from public disclosure during the course of all proceedings in this matter.

5. No oral or visual electronic recorded interview of "Minor A", conducted by authorities in this case, or any written transcript of any such audio and video recorded interview, including contents of that interview, shall, at any time and under any circumstances,

---

[5] The parties reserve the right to readdress any ruling on the protective order prior to filing any trial-related pleadings.

leave the care and custody of the "defense team" as outlined herein, and shall not be disclosed, disseminated or displayed to any person except the defense team and retained experts in the above entitled case, without prior order of the Court.

6. Any Protected Discovery Materials which contain any identifying information about "Minor A" and that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matters before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.[6] This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. If for any reason defense counsel of record withdraws from this case, any and all oral or visual electronic recording(s) pertaining to the minor victim or any written transcript or contents of such oral or visual electronic recording(s) and any other materials relative to the minor children, shall be returned to the United States Attorney's Office within 10 days of withdrawal from the case.

8. The oral and visual electronic SAIN recording of "Minor A", and contents of any such oral or visual electronic recording which, subject to this Protective Order, is expected to be provided to counsel for the defendant in this case, shall be returned to the United States Attorney's Office within 10 days of disposition of the case or conclusion of any appeal taken in the above entitled matter.

---

[6] The parties reserve the right to readdress any ruling on the protective order prior to filing any trial-related pleadings.

This motion and the proposed Protective Order are submitted for the purpose of ensuring that sensitive information pertaining to "Minor A," including the SAIN recording and text messages, are neither maintained by the defendant nor disseminated to third parties. The requested relief is narrowly tailored to ensure that the confidential information identified in the above paragraphs will remain protected. Pursuant to Local Rule 7.1, undersigned counsel certifies that she has conferred with counsel for defendant, Attorney James Cipoletta, who agrees to the contents of this motion, the terms of a protective order and who assents to this motion. Based on the foregoing, the government requests that this Court allow the motion and issue a protective order governing the use and disclosure of the Protected Discovery Material.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:   */s/ Suzanne Sullivan Jacobus*
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

MOTION ALLOWED:

_____
WILLIAM G. YOUNG
UNITED STATES DISTRICT COURT JUDGE

Dated: _____

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Suzanne Sullivan Jacobus*
Suzanne Sullivan Jacobus
Assistant U.S. Attorney

7