UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                          CR. NO. 21-10011-WGY

DOMENIQUE DEQUON HINES

### DEFENDANT'S SENTENCING MEMORANDUM

This memorandum is prepared to assist the Court in the sentencing of Domenique Dequon Hines who has pleaded guilty to a one count Superseding Information charging Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b).

**1.   The offense:**

The Information charges that Mr. Hines, who at relevant times was 23 years old, corresponded electronically with a 14 year old female who resides in Massachusetts.  The communication was done by way of cell phone. The allegations charged that he requested the female to make and send nude images containing sexually explicit acts.  No personal meetings or physical contact occurred. PSR ¶ 10.

**2.   The Advisory Guidelines:**

The applicable total offense level as calculated by the Probation Department is 31 and the Criminal History Category is determined to be II, thus yielding a guideline range of 121-151 months. PSR ¶ 93.  However, Mr. Hines reached a plea agreement with

the government that Count I of the indictment, requiring a mandatory sentence of 15 years to 30 years, would be dismissed.

**3.  Criminal History:**

Mr. Hines' criminal history is Category II. In 2017, as a 20 year old, he was charged with child pornography, solicitation, and related offenses in Illinois and was sentenced to four years incarceration. PSR ¶ 50.

**4. The Court's Consideration of § 3553(A) factors**:

One of the factors to be considered is the guideline range, but since the defendant has entered into a plea agreement that suggests a range of 180 to 240 months followed by 5 years of supervised release the defendant addresses the factors in the context of the range contained in the plea agreement.

   **A. Nature and circumstances of the offense and the history and characteristics of the defendant:**

The offense for which Mr. Hines has taken responsibility is serious indeed. However, in mitigation of the circumstances his state of mind, mental condition, persona and family, life should be taken into account. These are dealt with in detail below.

   **B. Personal and Family Life**:

Mr. Hines was raised by his mother and grandmother in public housing in Illinois.  The neighborhood was infested with drugs, violence, gang activity, and general dangerousness. He suffered at the hands of his mother's ex-boyfriend from age 4 to 5, ending

only with the eventual breakup of the couple's relationship. PSR ¶ 60.

### C. Education:

Mr. Hines attended public high school but withdrew during his senior year without graduating. He received a GED while incarcerated at Pinckneyville Correctional Center in Illinois in 2019. PSR ¶ 81.

### D. Employment:

Mr. Hines has held various low level positions since approximately 2015, working at Eco Lab in Elk Grove Village, Illinois, as a cashier at Portillo's in Chicago, Road Ranger in Hampshire, Illinois, Subway in Hampshire, and most recently in 2020 at Cafil Farr, Inc. in Crystal Lake, Illinois where he worked as a pleater earning $14.50 per hour. He was employed there at the time of his arrest in this case. PSR ¶¶ 81-89.

### E. Mental and Emotional Health:

Mr. Hines was diagnosed with ADHD as a child but did not receive medication or therapy. He has suffered from depression since age six. This was confirmed by medical staff at Pinckneyville Correctional Center. He also was diagnosed as suffering from post traumatic stress disorder. He was prescribed trazadone but stopped taking it as it made him sluggish. He is interested in receiving mental health treatment. PSR ¶ 77.

**F. Substance Abuse:**

Mr. Hines experimented with alcohol and marijuana at an early age but did not enjoy either. PSR ¶ 80.

**G. Need for Sentence Imposed:**

To be sure, given the nature of the charge, a sentence of incarceration is warranted in order to impose punishment and to promote respect for the law. However, while many might believe that the higher the sentence, the greater the deterrent affect, the empirical research shows no such correlation. Michael Tonry, *Purposes and Functions of Sentencing, 34 Crime and Justice: A review of Research*, 28-29 (2006).

**H. Sentencing Recommendation and Discussion:**

Mr. Hines requests the Court to impose a sentence at the low end of the plea agreement range, 180 months followed by five years of supervised release with conditions that he participate in mental health therapy approved by the Probation Department to deal with his depression and PTSD, and to attend and complete a sex offender treatment program approved by Probation. In making this request he also asks the Court to find that such a sentence is sufficient to afford adequate deterrence to criminal conduct, is appropriate to protect the public from further crimes, is sufficient but not greater than necessary, and serves the purposes listed in § 3553(a)(2).

Respectfully submitted,
By his attorney,

/s/ James J. Cipoletta
_____
James J. Cipoletta
MA Bar No. 084260
385 Broadway - Suite 307
Revere, MA 02151
781.289.7777

Certification

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/ *James J. Cipoletta*